# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17-cr-00137 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JANICE PARKS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is *pro se* defendant Janice Parks' ("defendant") "motion for judicial recommendation regarding 9–12 months of RRC placement" (Doc. No. 53 ["Mot."]). The government filed a response in opposition to the motion (Doc. No. 54 ["Resp."]). For the reasons set forth herein, defendant's motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

On July 11, 2017, defendant pleaded guilty to a one-count indictment charging defendant with Conspiracy to Defraud the Government with Respect to Claims, in violation of 18 U.S.C. § 286. (Doc. No. 45 ["Judgment"] at 282.[1]) The Court sentenced defendant to 41 months of imprisonment on October 18, 2017, and she began her sentence on December 15, 2017. (Judgment at 282-83; Resp. at 348.)

Defendant filed a motion on May 11, 2018 requesting a recommendation to the Bureau of Prisons ("BOP") that she be placed in a residential re-entry center ("RRC") for 9 to 12 months at the end of her sentence under the Second Chance Act. (Mot. at 343.) In her motion, defendant

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

states that her current projected release date from prison, taking into consideration the accumulation of good time credit, is August 2020. (*Id.* at 345.)

## II. DISCUSSION

Defendant argues that RRC placement for a full 9 to 12 months at the end of her prison term is necessary "to have the greatest likelihood of successful reintegration into the community." (*Id.* at 344.) She also asserts that her motion is timely because she is currently due to be released in August 2020. (*Id.*) The government counters that (1) defendant's request for a recommendation from the Court is premature, and (2) the BOP is in a better position to determine defendant's suitability for placement in an RRC. (Resp. at 348-49.) This Court agrees with the government as to both arguments.

The Second Chance Act, Pub.L. No. 110-199, § 251(a), 122 Stat. 657 (2008), amended 18 U.S.C. § 3642(c) to provide that the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed twelve months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3642(c)(1). The BOP determines penal facility placement based on several factors, including statements made by the sentencing court. *United States v. George*, No. 14-20119, 2018 WL 2148179, at *2 (E.D. Mich. May 10, 2018) (citing 18 U.S.C. § 3621(b)). While a court may make non-binding recommendations for RRC placement, the BOP has the exclusive authority to determine if an inmate should be placed in an RRC and, if so, for how long. 18 U.S.C. § 3621(b); *Martin v. United States*, No. 05-17, 2008 WL 3546433, at *1-2 (W.D. Pa. Aug. 12, 2008).

When a court recommends a defendant for RRC placement, there is usually a substantial record of the defendant's conduct in prison upon which a well-informed recommendation may be

based. *See, e.g.*, *United States v. Ahmed*, No. 1:07CR00647, 2017 WL 5166427, at *1 (N.D. Ohio Nov. 8, 2017) (granting defendant's motion for a recommendation to an RRC based upon his good conduct over the course of several years in prison). As the government notes, "there has not been enough time to accurately evaluate [defendant's] conduct" in the five short months she has been imprisoned. (Resp. at 348.) Additionally, the BOP itself does not evaluate an inmate for RRC placement until 17 to 19 months before his or her projected release date. *See Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008). At this time, defendant has more than two years of her sentence left to complete. (Mot. at 345.)

Furthermore, the BOP is in the best position to determine if an inmate is suitable for placement in a half-way house or an RRC. *Martin v. United States*, No. 05-17, 2008 WL 3546433, at *2 (W.D. Pa. Aug. 12, 2008). Thus, there is no compelling reason for a Court to recommend an inmate to an RRC prior to the BOP's own review period of 17–19 months before release. *See Brown v. Shartle*, No. 4:10CV1000, 2010 WL 2697052, at *2 (N.D. Ohio July 6, 2010) (holding that the court could not order the BOP to consider defendant for RRC placement because defendant invoked the Second Chance Act before the 17 to 19 month period); *see also Kennard v. Holland*, No. 12–CV–200–KKC, 2013 WL 492365, at *2 (E.D. Ky. Feb. 8, 2013) (noting that the BOP cannot properly evaluate an inmate for RRC placement until 17 to 19 months prior to the end of his or her sentence). Defendant has made her request too early in her sentence for this Court to consider the appropriateness of a recommendation.

## III. CONCLUSION

For the reasons set forth herein, defendant's motion for a judicial recommendation of RRC placement is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: June 27, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**