# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17CR137 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| JANICE PARKS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant Janice Parks ("Parks") moves this Court for leave to file objections to the Pre-Sentence Investigation Report ("PSR"). (Doc. No. 57 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 60 ["Opp'n"], sealed.) For the reasons to follow, the motion is DENIED.

On July 11, 2017 and pursuant to a plea agreement, Parks entered a counseled plea of guilty to Count One of the Indictment, charging conspiracy to make false claims, in violation of 18 U.S.C. § 236. (Doc. No. 30 (Plea Agreement).) The Court thereafter ordered the preparation of the PSR. (Doc. No. 41 (Final PSR, issued Oct. 6, 2017); Doc. No. 48 (Rev. Final PSR).) On October 18, 2017, Parks was sentenced to a term of imprisonment of 41 months on Count One. (Doc. No. 45 (Judgment).)

Parks now moves for leave to file objections to the PSR. She acknowledges that the appropriate time to object to the contents of the PSR would have been prior to sentencing, but she maintains that she did not become aware until sometime later that information was missing from the document because she was not given an opportunity to review the PSR with counsel prior to sentencing. She complains that missing from the report are her prior convictions for drug

abuse. Without this information, she believes she will be ineligible for programming and rehabilitation. (Mot. at 409-10.)

Parks's motion is denied for several reasons. First, Parks is bound by the factual allegations in the PSR to which she did not object. *United States v. Adkins*, 429 F.3d 631, 632-22 (6th Cir. 2005); *see also United States v. McKinney*, 602 F. App'x 237, 238 (6th Cir. 2015) (citing *United States v. Vonner*, 516 F.3d 382)). Parks admits that she failed to object at sentencing to the accuracy of the PSR and has, therefore, waived her objections.[1]

Moreover, her motion is moot because the PSR explicitly discusses her history of drug abuse and her drug-related convictions. (Final PSR ¶¶ 39, 49.) Her counsel referenced her struggles with substance abuse in his sentencing memorandum (Doc. No. 54 at 261) and highlighted it at the sentencing hearing, and the Court acknowledged Parks's drug history in connection with the imposition of sentence. Further, the Court's judgment contained a specific recommendation that Parks be evaluated for substance abuse treatment and, if appropriate, receive such treatment. (Judgment at 283.)

Accordingly, the Court finds that revision of the PSR is neither necessary nor appropriate, and Parks's motion for such relief is DENIED.

**IT IS SO ORDERED**.

Dated: August 8, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] Parks suggests that she was unaware of these purported omissions in the PSR. However, at the October 18, 2017 sentencing hearing, the Court specifically inquired of Parks as to whether she had an opportunity to review a copy of the PSR, to which she answered affirmatively. Parks is bound by this in-court representation, as well.