# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17CR137 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| JANICE PARKS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of *pro se* defendant Janice Parks ("Parks") styled, "Motion Requesting Post-sentence Rehabilitation Reduction on Remaining Term of Sentence on Home Confinement Pursuant to the Newly Enacted First Step Act of 2018" (Doc. No. 65 ["Mot."]). The United States of America (the "government") opposes the motion (Doc. No. 66 ["Opp'n"]), and Parks has filed a reply (Doc. No. 68 ["Reply"]). The motion, as modified by the reply, is GRANTED in part and DENIED in part.

I. **BACKGROUND**

On October 18, 2017, the Court sentenced Parks to a term of imprisonment of 41 months, following her guilty plea to a one-count indictment charging her with Conspiracy to Defraud the Government with Respect to Claims, in violation of 18 U.S.C. § 286. (Doc. No. 45 (Judgment); *see* Doc. No. 1 (Indictment); Doc. No. 30 (Plea Agreement).) Her projected release date is November 10, 2020. (https://www.bop.gov/inmate/loc (last visited Oct. 7, 2019)).

Shortly after she began to serve her sentence, Parks requested a judicial recommendation

to the Bureau of Prisons ("BOP") that she be placed in a residential re-entry center ("RRC") for 9 to 12 months at the end of her sentence under the Second Chance Act. (Doc. No. 53 ["Mot. RRC Placement"]) at 343.[1]) The Court denied the motion, without prejudice, as premature. *United States v. Parks*, No. 1:17-CR-00137, 2018 WL 3135940, at *1 (N.D. Ohio June 27, 2018). In so ruling, the Court observed that Parks had made her request too early in her sentence for the Court to be in a position to consider the appropriateness of a recommendation. *Id*. at *2.

By the present motion, Parks now moves the Court for a reduction in her sentence or, alternatively, for an order that she serve the remainder of her sentence on home confinement. She appends to her motion prison records showing the programming in which she has participated during her incarceration and the lack of disciplinary action taken against her by prison officials. (Doc. No. 65-1 (certificates and print-outs).) The government opposes her request, noting that the statutes and case law upon which Parks relies do not afford her the relief she seeks. The Court agrees with the government, and for the reasons set forth below, denies Parks' motion to the extent it seeks a sentence reduction or an order of home confinement.

**II. DISCUSSION**

Relying on the First Step Act, which modified portions of the Second Chance Act of 2007, Parks requests that the Court order her placement in home confinement due to her need to reconnect with her family. (Mot. at 458–59.) The BOP, pursuant to 18 U.S.C. § 3624(c)(1) as amended by the Second Chance Act, Pub. L. No. 110-199, § 251(a), 122 Stat. 657 (2008), may place an inmate in community confinement for no longer than twelve months at the end of his or her sentence. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). Additionally, subsection

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

(c)(2), allows the BOP to consider placing an inmate "in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). While a court may make non-binding recommendations for placement in a RRC or home confinement, the BOP has the exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long. 18 U.S.C. § 3621(b); *see Martin v. United States*, No. 05-17, 2008 WL 3546433, at *1–2 (W.D. Pa. Aug. 12, 2008).

The First Step Act modified § 3624 to further explain who was eligible for prerelease custody. Pub. L. No. 115-391, § 102. The Act elaborates on the risk reassessment levels needed for a prisoner to be considered for prerelease custody. *Id.* It also details the types of prerelease custody, which include home confinement and placement in a RRC. *Id.* However, it did not modify the requirement that the BOP, not the Court, make the decision to place a prisoner on home confinement or in a RRC. *See* 18 U.S.C. § 3624(b)(1) & (c)(1); *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2006) (explaining that the BOP may consider placing a federal inmate in home confinement or a RRC). Further, the First Step Act did not alter the fact that the Second Chance Act does not guarantee RRC placement or home confinement, it only directs the Director of the BOP to consider it. *See Demis*, 558 F.3d at 514.

In short, the Court cannot order home confinement. It is the BOP that must make the assessment and determine whether she is eligible for home confinement at the end of her sentence, not the Court. Accordingly, Parks' motion under the First Step Act for an order directing that she be placed in home confinement is DENIED.

To the extent Parks seeks a release from prison through a modification of her sentence,

3

her request also fails. (*See* Mot. at 458, citing 18 U.S.C. § 3742(e)).² Once a district court has imposed a sentence, 18 U.S.C. § 3582(c) generally prohibits the court from modifying it. A district court may only modify a final sentence (1) upon motion by the Director of the BOP; (2) where the defendant's sentencing range has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); or (3) to the extent expressly permitted by statute or by Federal Rule of Criminal Procedure 35. *See* 18 U.S.C. § 3582(c). Because no circumstances permitting a modification of her sentence are present, Parks' motion to modify her sentence is also DENIED .

In her reply, Parks appears to amend her motion by requesting an order *or* a judicial recommendation regarding home confinement. (Reply at 483.) While the Court is without authority to order that the BOP place her in any type of prerelease custody, the Court is permitted, where it deems appropriate, to make a non-binding recommendation to the BOP. Given her apparent rehabilitation, as evidenced by her educational pursuits and her lack of prison discipline, the Court believes that Parks may be a good candidate for early placement into a RRC and/or home confinement at the end of her sentence. *See, e.g., United States v. Ahmed*, No. 1:07CR00647, 2017 WL 5166427, at *2–3 (N.D. Ohio Nov. 8, 2017) (recommending placement in a halfway house based on participation in prison programming and accumulation of good time credits).

Accordingly, and for the foregoing reasons, the Court RECOMMENDS that the BOP

---

² The government is correct that 18 U.S.C. § 3742(e) does not address post-conviction rehabilitation; it addresses an appellate court's review of a district court's sentence. Moreover, the case upon which Parks relied—*Pepper v. United States*—is also inapposite. In *Pepper*, the Supreme Court held that when a defendant's sentence has been set aside on appeal (something that did not happen here), the district court may consider evidence of the defendant's post-sentencing rehabilitation in crafting a new sentence upon remand. 562 U.S. 476, 480–81, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011).

place Parks in a RRC for a significant length of time to be determined by it and permit her to serve an appropriate period of time on home confinement. The United States Attorney shall forward this non-binding recommendation to the appropriate BOP officials responsible for making prerelease custody decisions. Further, the Clerk is directed to serve a copy of this memorandum opinion and order on the Warden of FPC Alderson and Parks' case manager at that facility.

    **IT IS SO ORDERED**.


Dated: October 9, 2019

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**